# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLEKSANDR V. OLIYNYK,** : | |
|     **Petitioner** : | |
| : | No. 1:17-cv-02197 |
| v. : | |
| : | (Judge Kane) |
| **WARDEN DOLL,** : | |
|     **Respondent** : | |

## MEMORANDUM

Before the Court is Petitioner Oleksandr V. Oliynyk's ("Oliynyk") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"), at the York County Prison pending removal. (Doc. No. 1.) For the reasons stated herein, Oliynyk's petition will be granted insofar as he seeks an individualized bond hearing before an immigration judge.

## I. BACKGROUND

Oliynyk, a citizen and native of Ukraine, was admitted to the United States by immigration officials at the Greater Pittsburgh International Airport as a Non-Immigrant student to attend West Virginia University in Morgantown, West Virginia. (Doc. No. 6, Exs. 1, 2.) Between 2006 and 2013, Oliynyk's criminal record included shoplifting, disorderly conduct, driving under the influence of liquor, various traffic offenses, and larceny. (Id. at Ex. 1.) Oliynyk was charged and convicted of "theft by deception – false impression" on May 22, 2013, and sentenced to three and a half (3.5) to seven (7) years confinement, and ordered to pay $431,796.36 in victim restitution. (Id. at Ex. 2.)

Oliynyk was taken into ICE custody on May 23, 2017, and charged as being removable pursuant to Sections 237(a)(2)(A)(iii) and 237(a)(1)(C)(i) of the Immigration and Nationality Act

("INA"). (Id. Exs. 2, 3.) On September 8, 2017, an immigration judge ordered Oliynyk removed from the United States to Ukraine and denied his applications for asylum, withholding of removal, and deferral of removal under the Convention against Torture Act ("CAT"). (Id. Ex. 4.) On September 18, 2017, an immigration judge denied Oliynyk's request for custody re-determination after holding a hearing on August 22, 2017. (Id. Ex. 5.) Oliynyk appealed the immigration judge's removal order to the Board of Immigration Appeals ("BIA"), on September 28, 2017, and briefs were due on December 26, 2017. (Id. Ex. 7.)

On November 30, 2017, Oliynyk filed the instant petition for a writ of habeas corpus seeking an individualized bond hearing before an immigration judge or release from detention. (Doc. No. 1.) He contends that his prolonged detention of over six months is unreasonable. (Id.) The Court issued an Order on December 12, 2017, directing Respondent to show cause as to why relief should not be granted. (Doc. No. 4.) On January 2, 2018, Respondent filed a response to the petition conceding that based upon the facts and procedural posture of this case, Petitioner is entitled to an individualized bond hearing before an immigration judge. (Doc. No. 6.) See Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015); Demore v. Kim, 538 U.S. 510 (2003); Singh v. Sabol, No. 14-CV-1927, 2015 WL 3519075 (M.D. Pa. June 4, 2015).

## II. DISCUSSION

In the instant petition, Olyinyk challenges the constitutionality of his prolonged detention without a bond hearing. (Doc. No. 1.) Olyinyk is removable pursuant to INA Section 237(a)(2)(A)(iii) based on his prior conviction of an aggravated felony for which he was ordered to pay over $400,000 in victim restitution. (Doc. No. 6, Ex. 2.) Accordingly, Olyinyk's detention is authorized pursuant to 8 U.S.C. § 1226(c), which provides for the mandatory

detention, without bond while removal proceedings are pending, of those aliens who committed certain enumerated categories of criminal offenses. See 8 U.S.C. § 1226(c)(1). "The Supreme Court left no doubt that the Government's authority under section 1226(c) to detain aliens without an opportunity for bond complies with the Constitution." Chavez-Alvarez, 783 F.3d 469, 473 (3d Cir. 2015) (citing Demore v. Kim, 537 U.S. 510, 531 (2003)).

The United States Court of Appeals for the Third Circuit in Diop v. ICE/Homeland Sec., 656 F.3d 221, 221 (3d Cir. 2011), and more recently in Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 475 (3d Cir. 2015), examined the constitutionality of prolonged detention under Section 1226(c) pending a final order of removal. In Diop, the Third Circuit recognized that Section 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community," and found that the petitioner's thirty-five month detention pending a final order of removal was unreasonably prolonged. Diop, 656 F.3d at 235. In Chavez-Alvarez, the Third Circuit expounded on the reasonableness approach, holding that in cases where a petitioner brings a good-faith challenge to his removal from the United States:

> [B]eginning sometime after the six-month timeframe considered by Demore, and certainly by the time [a petitioner] had been detained for one year, the burdens to [the petitioner]'s liberties outweigh [] any justification for using presumptions to detain him without bond to further the goals of the statute. We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.

Chavez-Alvarez, 783 F.3d at 478.

Accordingly, where a petitioner's detention extends beyond the six-month to one-year time frame, the reviewing court should order an individualized bond hearing to determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231; Chavez-Alvarez, 783 F.3d at 475. Moreover, at the individualized bond hearing, the "Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Diop, 656 F.3d at 233.

With the above framework in mind, it is evident that Olyinyk has shown that he is entitled to an individualized bond hearing. The Court has no reason to suspect that his legal challenge to this case is not presented in good faith. See Chavez-Alvarez, 783 F.3d at 478. Also, his prolonged mandatory detention without a bond hearing has approached nearly eight months. Id. at 478. Therefore, the Court concludes that Olyinyk is entitled to an individualized bond hearing before an immigration judge where the government will have the burden of demonstrating that continued detention is necessary to fulfill the purposes of Section 1226(c).[1]

---

[1] The Third Circuit noted that an immigration judge can, and often should, make an initial bond determination. Chavez-Alvarez, 783 F.3d at 478 n.12; see also Leslie v. Holder, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (providing that "deference . . . should be accorded in the first instance to agency decision-making processes."). Federal courts frequently defer to immigration judges under these circumstances, rather than conducting their own bond hearing. See, e.g., Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008); Singh v. Sabol, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015). Accordingly, the Court will direct that Petitioner's bond hearing will be before an immigration judge, at which time the government will bear the burden of proving that Petitioner's continued detention is necessary.

### III. CONCLUSION

For the reasons set forth above, Petitioner Oleksandr V. Oliynyk's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be granted to the extent that Petitioner will be afforded an individualized bond hearing before an immigration judge. An appropriate Order follows.